IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| AGENCY SERVICES OF ARKANSAS, INC. d/b/a THE ASA GROUP, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | No. 4:14CV00012 SWW |
| STACY J. MONGAR and MICHAEL MONGAR, | * * * | |
| Defendants. | * | |

**Order**

Before the Court is a motion to dismiss filed by Separate Defendant Michael Mongar to which plaintiff responded. In support of his motion, Michael Mongar has attached matters outside the pleadings, including his affidavit.

"Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56. . . . Under our cases, however, a party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring. Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment." *Country Club Estates, LLC v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000).

Because Mr. Mongar has submitted materials outside of the complaint on which the

Court anticipates it may rely,[1] the Court will convert his motion to dismiss to a motion for summary judgment. However, under Local Rule 56.1(a), a party moving for summary judgment is required to attach to the motion "a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." The Court therefore, directs Mr. Mongar to file no later than January 9, 2015, a Statement of Undisputed Material Facts. Plaintiff then will have seven days to file its statement of facts as to which it contends a genuine dispute exists, *see* Local Rule 56.1(b), and any additional evidence to rebut the motion.

SO ORDERED this 5th day of January, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] *See Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002)(when the court does not rely upon an affidavit in dismissing a claim, the motion is not converted into a motion for summary judgment).